CEM

**FILED**
**JANUARY 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 226**

| | |
|---|---|
| Stephen Haight<br>14890 King Ct.<br>Libertyville, IL 60048<br><br>    Plaintiff,<br><br>v.<br><br>Central Credit Services, Inc.<br>c/o Corporation Service Company,<br>Registered Agent<br>1201 Hays Street<br>Tallahassee, FL 32301<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**JUDGE MAROVICH**<br>**MAGISTRATE JUDGE MASON**<br><br>**COMPLAINT FOR DAMAGES**<br>**UNDER THE FAIR DEBT**<br>**COLLECTION PRACTICES ACT**<br>**AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**FACTS COMMON TO ALL COUNTS**

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. On or around August 24, 2007, Defendant called Plaintiff's cellular phone and spoke to Plaintiff.

9. During this communication, Plaintiff asked to call Defendant back since Plaintiff was driving a bus at the time and Defendant stated that Defendant did not care, Plaintiff needed to handle this situation now.

10. During this communication, Defendant threatened to garnish Plaintiff's wages.

11. On or around September 10, 2007, during a communication regarding Plaintiff's debt, Defendant again threatened to garnish Plaintiff's wages if Plaintiff did not satisfy the debt.

12. On or around September 25, 2007, during a communication regarding Plaintiff's debt, Defendant again threatened to garnish Plaintiff's wages.

13. At the time of the above communications, Defendant had not obtained a judgment against Plaintiff.

14. As a result of the above communications, Plaintiff feared that his wages would be garnished and that he would therefore not be able to afford his car payments and would lose his car.

15. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

16. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collections Practices Act**

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

**Violation of the Fair Debt Collections Practices Act**

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

**Violation of the Fair Debt Collections Practices Act**

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FOUR

**Violation of the Fair Debt Collections Practices Act**

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

**Violation of the Fair Debt Collections Practices Act**

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## **JURY DEMAND**

28. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

29. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:    s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone:  866-339-1156
    Email:  tjs@legalhelpers.com