UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Stephen Haight,<br><br>        Plaintiff,<br><br>vs.<br><br>Central Credit Services, Inc.,<br><br>        Defendant. | Case No. 08-CV-00226<br><br>Judge Marovich<br>Magistrate Judge Mason<br><br><br>**ANSWER TO PLAINTIFF'S<br>COMPLAINT FOR DAMAGES** |

Defendant Central Credit Services, Inc. ("CCS") as and for its Answer to the Complaint of Stephen Haight ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

### JURISDICTION AND VENUE

ALLEGATION NO. 1:

Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

ANSWER NO. 1:

In response to paragraph 1 of Plaintiff's Complaint, CCS admits that the statutes referenced confer jurisdiction but denies that it has violated any law subjecting it to the jurisdiction of this Honorable Court. To the extent jurisdiction is deemed appropriate, CCS admits that venue is proper but denies that it violated any law.

## FACTS COMMON TO ALL COUNTS

ALLEGATION NO. 2:

The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

ANSWER NO. 2:

CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 2 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

ALLEGATION NO. 3:

Defendant is a corporation doing business primarily as a consumer debt collector.

ANSWER NO. 3:

In response to Paragraph 3 of Plaintiff's Complaint, CCS admits that it is a corporation that attempts to collect debts. CCS denies all other allegations.

ALLEGATION NO. 4:

Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

ANSWER NO. 4:

CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

ALLEGATION NO. 5:

The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

ANSWER NO. 5:

CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 5 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

ALLEGATION NO. 6:

The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

ANSWER NO. 6:

CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 6 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

ALLEGATION NO. 7:

Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

ANSWER NO. 7:

In response to paragraph 7 of Plaintiff's Complaint, CCS denies that it is the holder of the account. CCS admits the remaining allegations, upon information and belief.

ALLEGATION NO. 8:

On or around August 24, 2007, Defendant called Plaintiff's cellular phone and spoke to Plaintiff.

ANSWER NO. 8:

In response to paragraph 8 of Plaintiff's Complaint, CCS admits that one of its representatives spoke with Plaintiff via the telephone, upon information and belief. To all other

extents, CCS has insufficient information to either admit or deny the remaining allegations and therefore denies the same.

ALLEGATION NO. 9:

During this communication, Plaintiff asked to call Defendant back since Plaintiff was driving a bus at the time and Defendant stated that Defendant did not care, Plaintiff needed to handle this situation now.

ANSWER NO. 9:

CCS denies the allegations set forth in paragraph 9 of Plaintiff's Complaint, upon information and belief.

ALLEGATION NO. 10:

During this communication, Defendant threatened to garnish Plaintiff's wages.

ANSWER NO. 10:

CCS denies the allegations set forth in paragraph 10 of Plaintiff's Complaint, upon information and belief.

ALLEGATION NO. 11:

On or around September 10, 2007, during a communication regarding Plaintiff's debt, Defendant again threatened to garnish Plaintiff's wages if Plaintiff did not satisfy the debt.

ANSWER NO. 11:

CCS denies the allegations set forth in paragraph 11 of Plaintiff's Complaint, upon information and belief.

ALLEGATION NO. 12:

On or around September 25, 2007, during a communication regarding Plaintiff's debt, Defendant again threatened to garnish Plaintiff's wages.

ANSWER NO. 12:

CCS denies the allegations set forth in paragraph 12 of Plaintiff's Complaint, upon information and belief.

ALLEGATION NO. 13:

At the time of the above communications, Defendant had not obtained a judgment against Plaintiff.

ANSWER NO. 13:

In response to paragraph 13 of Plaintiff's Complaint, CCS states that to the extent such communications occurred as alleged, if at all, CCS had not obtained a judgment against Plaintiff.

ALLEGATION NO. 14:

As a result of the above communications, Plaintiff feared that his wages would be garnished and that he would therefore not be able to afford his car payments and would lose his car.

ANSWER NO. 14:

In response to paragraph 14 of Plaintiff's Complaint, CCS states that to the extent such communications occurred as alleged, if at all, CCS has insufficient information and knowledge to either admit or deny the allegations and therefore denies the same.

ALLEGATION NO. 15:

Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

ANSWER NO. 15:

CCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 15 of Plaintiff's Complaint, and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

ALLEGATION NO. 16:

Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

ANSWER NO. 16:

CCS denies the allegations set forth in paragraph 16 of Plaintiff's Complaint.

ALLEGATION NO. 17:

Defendant violated the FDCPA.

ANSWER NO. 17:

CCS denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

**COUNT ONE**

**Violation of the Fair Debt Collections Practices Act**

ALLEGATION NO. 18:

Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

ANSWER NO. 18:

CCS restates and realleges paragraphs 1 through 17 as though fully stated herein.

ALLEGATION NO. 19:

The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

ANSWER NO. 19:

    CCS denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

ALLEGATION NO. 20:

    Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

ANSWER NO. 20:

    CCS restates and realleges paragraphs 1 through 19 as though fully stated herein.

ALLEGATION NO. 21:

    The Defendant violated 15 U.S.C. § 1692f in that its actions were unfair and/or unconscionable means to collect a debt.

ANSWER NO. 21:

    CCS denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

ALLEGATION NO. 22:

    Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

ANSWER NO. 22:

    CCS restates and realleges paragraphs 1 through 21 as though fully stated herein.

ALLEGATION NO. 23:

    The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

ANSWER NO. 23:

    CCS denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

ALLEGATION NO. 24:

    Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

ANSWER NO. 24:

    CCS restates and realleges paragraphs 1 through 23 as though fully stated herein.

ALLEGATION NO. 25:

    The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

ANSWER NO. 25:

    CCS denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

ALLEGATION NO. 26:

    Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

ANSWER NO. 26:

    CCS restates and realleges paragraphs 1 through 25 as though fully stated herein.

ALLEGATION NO. 27:

    The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

ANSWER NO. 27:

CCS denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

## JURY DEMAND

ALLEGATION NO. 28:

Plaintiff demands a trial by jury.

ANSWER NO. 28:

In response to paragraph 28 of Plaintiff's Complaint, CCS admits that Plaintiff demand a trial by jury but denies that a jury trial is appropriate as there has been no violation of law.

## PRAYER FOR RELIEF

ALLEGATION NO. 29:

Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

ANSWER NO. 29:

In response to paragraph 29 of Plaintiff's Complaint, CCS admits that Plaintiff seeks the relief set forth but denies that such relief is appropriate as there has been no violation of law.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's Complaint fails to states a cause of action upon which relief may be granted.

## SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., if applicable, which CCS denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**WHEREFORE,** CCS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against CCS with prejudice and on the merits; and,

2. Awarding CCS such other and further relief as the Court deems just and equitable.

Dated: March 24, 2008.

    Respectfully Submitted,

    CENTRAL CREDIT SERVICES, INC.

    By:    /s/ J. Michael True
           Attorney # 6279941
           Attorney for Defendant
           Messer & Stilp, Ltd. #36703
           166 W. Washington, Suite 300
           Chicago, IL  60602
           (312) 334-FIRM (3476)
           (312) 334-3404 (Fax)
           true@messerstilp.com

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the following:

    Attorney for Plaintiff
    Timothy J. Sostrin
    20 W. Kinzie St., Suite 1300
    Chicago, IL 60610
    (866) 339-1156
    tjs@legalhelpers.com

    /s/ J. Michael True
    Attorney # 6279941
    Attorney for Defendant
    Messer & Stilp, Ltd. #36703
    166 W. Washington, Suite 300
    Chicago, IL 60602
    (312) 334-FIRM (3476)
    (312) 334-3404 (Fax)
    true@messerstilp.com